CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRIAN J. STRETCH
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

MATTHEW J. BERNS (DC 998094)
CHETAN A. PATIL (NY 4780599)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel.: (202) 305-4968; Fax: (202) 616-8470
Email: chetan.patil@usdoj.gov

*Attorneys for Defendants U.S. Department of
Homeland Security and U.S. Customs and
Border Protection*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, AMERICAN CIVIL LIBERTIES UNION OF HAWAI'I, AND AMERICAN CIVIL LIBERTIES UNION OF UTAH,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>    Defendants. | Case No.: 4:17-cv-01970-SBA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING DECISION ON MOTION TO TRANSFER; [PROPOSED] ORDER**<br><br>Date:  June 14, 2017<br>Time: 1:00 p.m.<br>Judge:  Hon. Saundra B. Armstrong<br>Courtroom:  210 |

Defs.' Mot. to Stay Proceedings
Case No. 4:17-cv-01970-SBA

1   NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS

2   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

3         PLEASE TAKE NOTICE that on June 14, 2017 at 1:00 p.m., or as soon thereafter as the

4   matter may be heard, Defendants U.S. Department of Homeland Security ("DHS") and U.S.

5   Customs and Border Protection ("CBP") will, and hereby do, move the Court for a stay of

6   proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation

7   ("JPML") on Defendants' Motion to Transfer this and other related actions for consolidated or

8   coordinated proceedings pursuant to 28 U.S.C. § 1407.

9   <u>**RELIEF SOUGHT**</u>

10         Defendants respectfully request a stay of the proceedings in this action pending a

11   decision by the JPML on Defendants' Motion to Transfer this and other related actions for

12   consolidated or coordinate proceedings pursuant to 28 U.S.C. § 1407.

13   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

14   <u>**BACKGROUND**</u>

15         This case is one of thirteen actions pending in thirteen different districts involving

16   parallel Freedom of Information Act ("FOIA") requests submitted by affiliates of the American

17   Civil Liberties Union ("ACLU") to CBP, a component of DHS.  Each FOIA request at issue asks

18   CBP to search one of its field offices (and corresponding airports and/or ports of entry) for

19   identical or similar categories of records about the implementation of Executive Order 13769,

20   "Protecting the Nation from Terrorist Entry Into the United States," 82 Fed. Reg. 8977 (Jan. 27,

21   2017).

22         The cases are *ACLU of Northern California, et al. v. DHS, et al.*, No. 17-cv-1970 (N.D.

23   Cal. filed Apr. 10, 2017); *ACLU of Virginia, et al. v. DHS, et al.*, No. 17-cv-441 (E.D. Va. filed

24   Apr. 12, 2017); *ACLU of Georgia, Inc., et al. v. DHS, et al.*, No. 17-cv-1309 (N.D. Ga. filed Apr.

25   12, 2017); *ACLU of Illinois, et al. v. DHS, et al.*, No. 17-cv-2768 (N.D. Ill. filed Apr. 12, 2017);

26   *ACLU of Florida v. DHS, et al.*, No. 17-cv-21382 (S.D. Fla. filed Apr. 12, 2017); *ACLU of*

27   *Maine, et al. v. CBP, et al.*, No. 17-cv-132 (D. Me. filed Apr. 12, 2017); *ACLU of Washington, et*

28   *al. v. DHS, et al.*, No. 17-cv-562 (W.D. Wash. filed Apr. 12, 2017); *ACLU of Arizona v. DHS, et*

Defs.' Mot. to Stay Proceedings      - 1 -
Case No. 4:17-cv-01970-SBA

*al.*, No. 17-cv-1083 (D. Ariz. filed Apr. 12, 2017); *ACLU of Southern California, et al. v. DHS, et al.*, No. 17-cv-2778 (C.D. Cal. filed Apr. 12, 2017); *ACLU of Oregon, et al. v. DHS, et al.*, No. 17-cv-575 (D. Or. filed Apr. 12, 2017); *ACLU of San Diego & Imperial Cnties. v. DHS, et al.*, No. 17-cv-733 (S.D. Cal. filed Apr. 12, 2017); *ACLU Found. of Texas, Inc. v. CBP, et al.*, No. 17-cv-1128 (S.D. Tex. filed Apr. 12, 2017); *ACLU of Michigan v. DHS, et al.*, No. 17-cv-11149 (E.D. Mich. filed Apr. 12, 2017).

On May 8, 2017, Defendants filed a motion with the JPML pursuant to 28 U.S.C. § 1407 to transfer all of the ACLU affiliates' pending FOIA cases relating to Executive Order 13769 to the United States District Court for the District of Columbia.  Copies of Defendants' transfer motion, the supporting memorandum, and the schedule of related actions have been served on the Clerk of this Court and are attached as exhibits to the Notice filed with this Court by Defendants on May 8, 2017.  As explained more fully in Defendants' memorandum in support of their transfer motion, the JPML previously has centralized multidistrict FOIA litigation in substantially similar circumstances, and transfer is likely here.

Although the JPML has not yet scheduled a hearing on Defendants' transfer motion, Defendants anticipate that the JPML will hear argument on the motion on July 27, 2017, and rule on the motion shortly thereafter.

Defendants respectfully request that the Court temporarily stay proceedings in this action while the JPML considers Defendants' motion to coordinate the handling of these cases.  This brief stay would relieve the parties and the judiciary of the burdens associated with duplicative pretrial proceedings in thirteen separate cases that raise identical or highly related issues, would prevent conflicting pretrial rulings, and would not prejudice Plaintiffs in this action.  Courts typically impose stays while motions are pending before the JPML, *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998), and for the reasons set forth, it is appropriate for this Court to do so here as well.

## **ARGUMENT**

It is axiomatic that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort

for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Courts routinely exercise their power to stay proceedings pending a decision on a motion before

the JPML to transfer cases for coordinated or consolidated pretrial proceedings. *See Good*, 5 F.

Supp. 2d at 809 (courts "frequently grant stays pending a decision by the [JPML]"); *Virginia ex*

*rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *3 (E.D.

Va. Jan. 14, 2015) ("Courts frequently grant stays while awaiting a JPML decision about the

inclusion of a pending case into an MDL . . . .");; *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358,

1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay

preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the

[JPML]."); *see also* David F. Herr, "Multidistrict Litigation Manual:  Practicing Before the

Judicial Panel on Multidistrict Litigation" § 3:15 at 32 ("District courts . . . readily stay[]

proceedings pending a Panel decision.").

Courts look to several factors when determining whether to issue a stay of proceedings

pending the JPML's decision, including whether judicial economy would be served by avoiding

duplicative litigation, the burden on the moving party if the action is not stayed, and any

potential prejudice to the non-moving party. *See Douglas v. Bristol-Myers Squibb Co.*, No. 13-

cv-2331, 2013 WL 4013901, at *1 (N.D. Cal. Aug. 5, 2013) (Armstrong, J.); *see also Rivers*, 980

F. Supp. at 1360.  A stay of proceedings, for the sole purpose and duration necessary for the

JPML to decide Defendants' motion, satisfies each of these factors.

A.      **Judicial Economy Requires a Stay Pending a Decision by the JPML**

Staying the proceedings in this action would further judicial economy by avoiding the

need for multiple courts to deal with the same or similar pretrial issues.  Courts typically grant

temporary stays pending motions to transfer to the JPML where, like here, doing so would

relieve the parties and the courts from engaging in simultaneous and duplicative pretrial

proceedings. *See Freitas v. McKesson Corp.*, No. C 11-05967, 2012 WL 161211, at *2 (N.D.

Cal. Jan. 10, 2012) ("[G]ranting a stay in this case would prevent the Court from needlessly

duplicating work that will be done by the MDL transferee court . . . ."); *Sanborn v. Asbestos*

*Corp.*, No. C 08-5260, 2009 WL 195922, at *2 (N.D. Cal. Jan. 27, 2009) (staying proceedings

1    pending MDL Panel decision where "a stay will further the aim of judicial efficiency by

2    preventing a duplication of proceedings before this court")

3         Each of the thirteen related cases concerns one or more parallel FOIA requests, each of

4    which seeks disclosure of similar or identical categories of records related to the implementation

5    of Executive Order 13769 from different CBP field offices.  To ensure consistency in responding

6    to the ACLU affiliates' FOIA requests, CBP's headquarters in Washington, DC is coordinating

7    the agency's search for records responsive to all of the requests at issue in the related actions, as

8    well as its processing of responsive records for potential release.  Absent a stay, Plaintiffs may

9    ask the Court to set a schedule for Defendants' search for, and potential release of, responsive

10   information.  Particularly because the ACLU affiliates have been coordinating their handling of

11   these lawsuits, any pretrial proceedings regarding the production schedule would likely duplicate

12   those before other courts in the related actions, and, if the JPML grants Defendants' motion to

13   transfer, any ruling by the Court could ultimately be vitiated by the transferee court.

14        Given the early stage of the case and the status of Defendants' processing of the ACLU

15   affiliates' FOIA requests, it is unlikely that any issues regarding the adequacy of CBP's search,

16   the appropriateness of CBP's withholding of responsive information pursuant to the FOIA's

17   statutory exemptions, or the need for discovery will ripen for the Court's consideration before

18   the JMPL rules on Defendants' transfer motion.  Nevertheless, were any of these issues to arise,

19   they would substantially overlap in each of the related actions.  In a typical FOIA action, the

20   defendant agency establishes its compliance with the requirements of the FOIA through

21   declarations that set forth the procedures the agency followed in conducting its search and the

22   basses for withholding responsive records.  *See, e.g.*, *Perry v. Block*, 684 F.2d 121, 126 (D.C.

23   Cir. 1982) (per curiam).  And although discovery is rare in FOIA cases, even when granted, it "is

24   generally limited to the scope of the agency's search and its indexing and classification

25   procedures."  *Heily v. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003) (per curiam).

26   Thus, because CPB headquarters is coordinating the responses to the ACLU affiliates' FOIA

27   requests, any pretrial proceedings that could arise in this Court regarding the adequacy of the

28   agency's searches, the application of the FOIA's statutory exemptions, or requests for discovery

would be duplicative in each of the related actions.  A temporary stay would avoid this needless use of judicial resources.

### B.    A Stay Is Necessary to Avoid Hardship to Defendants

Moving forward with the proceedings in this case would not only frustrate judicial economy, it would also prejudice Defendants.  Defendants would be required to engage in simultaneous and duplicative pretrial practice, including responding to thirteen separate complaints that are materially identical.  *See Wilbanks v. Merck & Co.*, No. 05-1241, 2005 WL 2234071, at *2 (W.D. Tenn. Sept. 13, 2005) (granting stay and stating that "in absence of a stay, the risk to [defendant] of duplicative motions and discovery is significant").

Moreover, moving forward could also result in rulings on pretrial issues that conflict with those of other districts or of the transferee court if the JPML grants the transfer motion.  *See C.A. ex rel. Allen v. Pfizer, Inc.*, No. C 13-4087, 2013 WL 6091766, at *2 (N.D. Cal. Nov. 19, 2013) (Armstrong, J.) (recognizing that absent stay, defendants may be required to relitigate issues decided by transferor court before MDL panel); *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) (staying proceedings pending decision by JPML to consolidate cases because it is "necessary to ensure that, in the event consolidation of all cases for pre-trial is ordered, there is consistent treatment of the numerous lawsuits").  If proceedings are stayed and the transfer motion is granted, the transferee court would be able to set an efficient pretrial process that establishes a single production schedule (if necessary), avoids duplicative work and competing demands on the same agency personnel, and "conserves the resources of the parties, their counsel and the judiciary."  *In re Musha Cay Litig.*, 330 F. Supp. 2d 1364, 1365 (J.P.M.L. 2004); *see also In re Air Crash Near Kirksville, Mo.*, 383 F. Supp. 2d 1382, 1383 (J.P.M.L. 2005).

### C.    Plaintiffs Would Not Be Prejudiced by the Stay

Plaintiffs would not be prejudiced by the limited stay that Defendants have requested.  This action is in the early stages of litigation, and Defendants have not yet responded to the Complaint.  *See Davis v. Pfizer, Inc.*, No. C 14-1204, 2014 WL 1599005, at *1 (N.D. Cal. Apr. 21, 2014) (finding no prejudice to plaintiff where the case was in the "very early procedural

stage").  Defendants anticipate that the JPML will hold argument on Defendants' motion on July 27, 2017 and will rule on it shortly thereafter, and therefore the stay would likely be of limited duration.  *See* Hearing Information, United States Judicial Panel on Multidistrict Litigation, *available at* http://www.jpml.uscourts.gov/hearing-information.  *See J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) (plaintiffs would suffer no prejudice where stay of proceedings would last "a term of months"); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Civ. Nos. 92-1030, 92-1086, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992) (holding plaintiffs would not be prejudiced where the stay "will only be in effect until the JPML issues its decision[, and t]herefore, there will be no extended delay").

Furthermore, Defendants are still in the process of compiling records responsive to the FOIA requests in the related actions.  Defendants will continue to compile and review records during the pendency of any stay.  As a result, a temporary stay until the JPML renders its decision should not significantly delay the eventual release of responsive records to the public.

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should grant Defendants' request for a stay of proceedings.


Dated: May 10, 2017                    Respectfully submitted,

                                                       CHAD A. READLER
                                                        Acting Assistant Attorney General

                                                        BRIAN J. STRETCH
                                                        United States Attorney

                                                        ELIZABETH J. SHAPIRO
                                                        Deputy Director, Federal Programs Branch

                                                        /s/ Chetan A. Patil
                                                        MATTHEW J. BERNS
                                                        CHETAN A. PATIL

                                                        *Attorneys for Defendants U.S. Department of*
                                                        *Homeland Security and U.S. Customs and*
                                                        *Border Protection*

1
2
3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

4
5
6
7
8
9

AMERICAN CIVIL LIBERTIES UNION OF
NORTHERN CALIFORNIA, AMERICAN
CIVIL LIBERTIES UNION OF HAWAI'I,
AND AMERICAN CIVIL LIBERTIES UNION
OF UTAH,

      Plaintiffs,

      v.

Case No.: 4:17-cv-01970-SBA

10
11
12
13

U.S. DEPARTMENT OF HOMELAND
SECURITY and U.S. CUSTOMS AND
BORDER PROTECTION,

      Defendants.

14
15

**[PROPOSED] ORDER**

16
17
18
19

      Upon consideration of Defendants' Motion to Stay Proceedings Pending Decision on

Motion to Transfer and any responses and replies thereto, the Court ORDERS that the motion is

granted and all proceedings in the above-captioned action are stayed pending a decision by the

Judicial Panel on Multidistrict Litigation on Defendants' Motion to Transfer.

20

IT IS SO ORDERED.

21

DATED this _____ day of _____, 2017

22
23
24

_____
Hon. Saundra B. Armstrong
United States District Judge

25
26
27
28

[Proposed] Order
Case No. 4:17-cv-01970-SBA